THE defendant was indicted at the District Court of Richmond, in September 1806, for a misdetnesnor m fraudulently obtaining from the bank of Virginia a hank note of one hundred dollars. The indictment consisted of two counts. The first charged that he did apply at the bank of Virginia, and did falsely pretend and affirm that he was authorized and directed by George Wythe to apply to the cashier of the said bank for the sum of one hundred dollars, for the use of the said George Wythe, the said G. W. having money to a greater amount deposited there, and that the defendant a certain false and counterfeit letter partly written and partly printed in the name of the said G. W., as a true letter of the said G. W. falsely and fraudulently did deliver to a certain W. D. teller of the said bank &c., by which said false and counterfeit letter it was mentioned, that the said G. W. directed the cashier of the bank of Virginia to pay to himself or bearer, one hundred dollars; and the said W. D. then and there believing the said counterfeit letter to be he true letter of the said G. W. and the signature to the said letter, and the writing in the body of the letter, to be the hand-writing of the said G. W.t did then and *147 there pay and deliver to the said G. W. Swinney, one hundred dollars in anote of the bank of Virginia, whereas in fact and truth G. W. never did write or send, or cause to be written or sent, the letter aforesaid to the said cashier, &c. And so the jurors, &c. do say that the said G. W. Swinney on the said 27th day of May, 1806, by-colour of the said counterfeit letter, and by the said false pretences, unlawful, falsely, fruadulently and deceitfully did obtain and get into his hands and possession, of and from the said W. D. teller, &c. the said sum of one hundred dollars, in the said note of the said bank, oí the goods and chattels and monies of the president, directors and company of the said bank of Virginia, &c. &c. contra formam statute, et contra pacem et dignitatem, &c.
The second count was exactly like the first, except that the writing by which the note of one hundred dollars was charged to have been obtained was described as “ a “ false, feigned and counterfeit token, &c. to the simili- “ tude and likeness of a true check or order of him the “ said G. W. &c.”
The prisoner was found guilty by the jury, whereupon he moved to arrest the judgment, for the following reasons: “ Because the offence is not within the statute under which the indictment is laid, inasmuch as,
"1st. The statute which was passed on the 18th No *148 "vember, 1789, (See Rev. Co. Vol. 1st, p. 45.) was “ intended to punish a pre-existing evil, which is re- “ presented as having become common, and which is “ minutely described in the preamble to the statute, to u wjtj t tj1t |a]SÍ ¡y anj deceitfully contriving, devising, “ and imagining, privy tokens and counterfeit letters, in “ other men’s námes, unto divers persons, their párticu- “ lar friends and acquaintances,’ whereas banks were not “introduced into this commonwealth, until many years “ after the said 18th November, 1789, and therefore “ could not have been within the contemplation, any “ more than they are within the language of the statute. “ In like manner the 33 Henry 8, ch. 1. (of which out “ statute is a copy) was enacted more than a century and “ a half before the existence of a bank in England.
“ 2d. The phraseology of the statute precludes the pos- “ sibility of its application to banks: the terms ‘divers “ persons, their particular friends and acquaintances/ “ can relate only to private individuals, not to a body “ corporate, an ideal body. The bank of Virginia is no “ more a person, than the commonwealth of Virginia; “ much less is it the particular friend and acquaintance “ of any one.
“ 3d. The statute requires that the person who shall “ be punished under it, shall have gotten into his posses- *149 “ sion the money, or goods of another: whereas, the de- “ fendant is charged with having gotten possession of a “ note of the bank of Virginia, which is neither the mo- “ ney or goods of the said George Wythe, because hav- “ ing been delivered under a check not drawn by him, u the bank hath no right to charge it to his account: nei- “ ther is it the money, or goods of the bank: but simply “ the promissory note of the bank for the future pay- “ ment of money, and as to all legal purposes, merely on “ a footing with the promissory note of an individual.”
The question arising from these reasons in arrest, was adjourned to the general court.
November 17th, 1806. The court, consisting of Judges Tyler, White, Carrington, Stuart, Brooke and Holmes, decided that “judgment on the verdict in the record “ mentioned ought to be anestecld’